FILED
SUPERIOR COURT
OF GUAM

2012 MAR -5 PM 1: 55

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0124-06 |
| vs. | DECISION AND ORDER (Motion to Dismiss the Indictment) |
| CARLO ALFRED TENORIO BORJA, Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 5, 2012, for a motion to dismiss the indictment. Attorney Howard Trapp represented Carlo Alfred Borja Tenorio ("Defendant"). Chief Prosecutor J. Basil O'Mallan III and Assistant Attorney General David Rivera appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this ruling.

## BACKGROUND

On March 20, 2006, a Magistrate's Complaint was filed in the above captioned case charging Defendant with: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (2) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) (3) Kidnapping (As a 2nd Degree Felony) (4) Terrorizing (As a 3rd Degree Felony) (5) Assault (As a Misdemeanor) and

(6) Harassment (As a Petty Misdemeanor). Magistrate's Complaint (Mar. 20, 2006). Consequently, Defendant appeared for a Magistrate's Hearing that same day with counsel before Judge Arthur R. Barcinas. Super. Ct. of Guam Minute Entry (Mar. 20, 2006). Judge Barcinas set Defendant's bail at $500,000 cash and Defendant was remanded to the Guam Detention Facility pending the posting of said bail. Commitment Order (Mar. 20, 2006). As directed by the Presiding Judge pursuant to 7 GCA § 4103 (as amended by Public Law 24-139), the above entitled case was assigned to Judge Steven S. Unpingco on March 22, 2006. Notice (Mar. 22, 2006). Subsequently, an Indictment was filed on March 29, 2006 charging Defendant with the following: (1) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (2) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) (3) Kidnapping (As a 2nd Degree Felony) (4) Terrorizing (As a 3rd Degree Felony) (5) Assault (As a Misdemeanor) (6) Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony) (7) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) (8) Assault with Intent to Commit Criminal Sexual Conduct (As a 3rd Degree Felony) (9) Harassment (As a Petty Misdemeanor) (10) Harassment (As a Petty Misdemeanor) (11) Attempted Kidnapping (As a 2nd Degree Felony) and (12) Assault (As a Misdemeanor). Indictment (Mar. 29, 2006). A Penal Summons followed wherein Defendant was summoned to appear before Presiding Judge Alberto C. Lamorena III, on April 5, 2006, to answer to the charges contained in the Indictment. Penal Summons (Mar. 30, 2006). Defendant then moved the Court for an order that no statement made by Defendant in the course of any examination conducted under 9 GCA § 7.25, no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against Defendant in any criminal proceeding except on an issue regarding mental condition on which Defendant has introduced evidence of incompetency,

evidence requiring a plea of not guilty under 9 GCA § 7.22 (b), or evidence requiring notice under 9 GCA § (c). Defendant's Motion (Mar. 30, 2006). Likewise, Defendant through counsel filed notice pursuant to 9 GCA § 7.22 (d) that the mental condition of Defendant may be in issue.[1] Notice (Mar. 30, 2006). The People responded respectfully requesting the Court to deny Defendant's Motion in part, so that the prosecution can use Defendant's statement to an expert regarding his mental capacity, for the purposes of impeachment should the Defendant testify in any proceeding in the cause of action. The People's Response to Defendant's Motion and Memorandum (Apr. 4, 2006). Defendant replied arguing that the People cite no authority in support of its contention that Defendant "cannot say one thing to the psychiatrist and then say something else to a jury or the Court without the prosecutor having the opportunity to bring any inconsistencies to the attention of the fact finder." Defendant's Reply to People's Response to Defendant's Motion and Memorandum (Apr. 5, 2006). Eventually, an order was signed by Judge Arthur R. Barcinas granting Defendant's Motion. Order (Apr. 5, 2006).

The Court having received notice pursuant to 9 GCA § 7.22 (d) that the Defendant's mental condition may be in issue, on April 6, 2006, Judge Barcinas ordered Defendant to undergo psychological evaluation conducted by Dr. James Kiffer. Forensic Evaluation Order (Apr. 6, 2006). In addition to the above captioned case, CF124-06, Defendant was also charged in CF153-06, CF154-06, CF155-06, CM329-06, and CM330-06. On April 19, 2006, Defendant filed a Motion for Joint Trial of Separate Cases. Motion for Joint Trial of Separate Cases (Apr. 19, 2006). All cases were initially assigned to Judge Steven S. Unpingco. Notice (Apr. 19, 2006). On April 24, 2006, CF124-06, CF 153-06, CF154-06, CF155-06, CM329-06, and CM330-06 were assigned to Judge Katherine A. Maraman. Notice (Apr. 24, 2006). Thereafter,

---

[1] Delays for the purpose of determining the defendant's competence are weighed against the defendant, for purposes of the "reason for the delay" factor in Barker v. Wingo analysis for determining whether a defendant's constitutional right to speedy trial has been violated. State v. Kanneh, 403 Md. 678, 944 A.2d 516 (2008).

Presiding Judge Alberto C. Lamorena III, signed a Forensic Evaluation Order for all the cases charging the Defendant: CF124-06, CF 153-06, CF154-06, CF155-06, CM329-06, and CM330-06. Forensic Evaluation Order (May 8, 2006). On May 30, 2006, a further proceedings on all cases was held before Judge Katherine A. Maraman. Following that further proceedings, Dr. James J. Kiffer apprised Judge Maraman that the submission of a written report relative to CF124-06 is pending until his office is in receipt of Defendant's military records from the defense attorney. Letter from Dr. James Kiffer to Judge Maraman (Jun 21, 2006).

On June 27, 2006, another further proceedings was scheduled before Judge Maraman. Defendant indicated that more time would be needed, so the Court scheduled the parties to come back on August 10, 2006. Transcript JDKAMCRA (6/27/2006) at 10:48:35. Judge Maraman signed an order granting Defendant's motion for discovery on July 26, 2006. Order Granting Motion for Discovery (Jul. 26, 2006). At the August 10, 2006, further proceedings, Defendant indicated that documents were requested in writing but have yet to be received. Likewise, Defendant requested to continue the further proceedings noting that "we can get documents at any time now." The Court then set a further proceeding for September 5, 2006. Transcript JDKAMCRA (8/10/2006) at 10:55:03. On September 5, 2006, the Court continued a status hearing for September 19, 2006. In the meantime, Dr. Kiffer submitted to Judge Maraman his forensic evaluation report relative to CF124-06, CF153-06, CF155-06, CM329-06, and CM330-06.[2] Dr. Kiffer concluded that Defendant is competent to be proceeded against and competent to be sentenced. Forensic Evaluation Report (Sept. 14, 2006) at 20-21. Defendant then filed a waiver of speedy trial on September 19, 2006. Waiver of Speedy Trial (Sept. 19, 2006). On September 19, 2006, a further proceedings and status hearing took place before

---

[2] Although CF154-06 is not included in the Forensic Evaluation reference caption, the Forensic Evaluation Order reflects all six cases.

Judge Katherine Maraman. At said hearing, it was represented to the Court that the grand jury material and discovery were received. Transcript JDKAMCRA (9/19/2006) at 10:46:58. As a result, the Court issued its scheduling order, with jury selection to commence on February 12, 2007. Scheduling Order (Sept. 27, 2006). The People submitted its proposed verdict forms and proposed jury instructions on all cases on January 4, 2007. Likewise, the People submitted its witness list on January 15, 2007. On January 18, 2007, Judge Maraman disqualified herself on the cases due to the fact that Mental Health Court was assigned to Presiding Judge Lamorena. Defendant submitted a request for jury instructions and notice of defenses and witnesses on January 23, 2007. On that same day, a pre-trial conference was held before Presiding Judge Alberto C. Lamorena III. Super. Ct. of Guam Minute Entry (Jan. 23, 2007).

All cases were subsequently assigned to Presiding Judge Alberto C. Lamorena III, on February 2, 2007. Following the pre-trial conference, Defendant filed an amended and expanded request for jury instructions, an amended and expanded notice of defenses and witnesses, and proposed verdict forms on February 14, 2007.

A status hearing was held on February 23, 2007, before Presiding Judge Lamorena. Further proceedings followed on March 13, 2007 and March 29, 2007. On March 29, 2007, Presiding Judge Lamorena issued a Criminal Trial Scheduling Order relative to the above-captioned case and jury selection was set for July 31, 2007. Criminal Trial Scheduling Order: CF124-06 (Apr. 3, 2007). The jury selection date originally scheduled for July 31, 2007, was rescheduled for August 13, 2007 at 10 a.m. Notice of Hearing (Jul. 16, 2007). On July 26, 2007, a pre-trial conference was held before Presiding Judge Lamorena where it was noted that the court needed to research on jury demand, hence, continuing the matter for August 9, 2007. Super. Ct. of Guam Minute Entry (July 26, 2007). Defendant then filed a Memorandum on Jury

of Six on August 8, 2007. Def's. Memo on Jury of Six (Aug. 8, 2007). The record does not reflect if the jury of six matter was resolved from that time. Subsequently, the parties stipulated that the pretrial conference set for August 9, 2007, be postponed and continued for approximately three weeks. Stipulation and Order (August 22, 2007). Accordingly, the Court came back for a continued pre-trial conference on September 12, 2007 where the matter was continued for forty-five days. Super. Ct. of Guam Minute Entry (Sept. 12, 2007). On October 31, 2007, a further proceedings hearing was held. Defendant was not present, but the People indicated they were working on a resolution with Defense counsel and the Court scheduled the parties to come back on January 30, 2008.[3] Super. Ct. of Guam Minute Entry (Oct. 31, 2007). Consequently, at the January 30, 2008, further proceedings, it was represented to the Court that Defendant had spoken to the prosecution and was awaiting a response from the People. A further proceedings was scheduled for March 5, 2008. Super. Ct. of Guam Minute Entry (Jan. 30, 2008).

Prior to the next further proceedings, on March 3, 2008, Defendant requested the Court for a settlement conference with the attorney for the government, with the assistance of a settlement judge, and in line with General Order 400 of the United States District Court for the Southern District of California. Defendant's Request for Settlement Conference (Mar. 3, 2008). In line with Defendant's request for a settlement conference, Defendant filed a Memorandum in Support of Request for Settlement Conference on the same day. Defendant's Memorandum in Support of Request for Settlement Conference (Mar. 3, 2008). On March 5, 2008, before Presiding Judge Lamorena, the parties agreed and had no issues moving forward with a settlement conference. Presiding Judge Lamorena requested Defendant to prepare the Order

---

[3] Although Defendant was not present at this further proceedings, his attorney was there.

and that Chief Justice Robert Torres would assign a settlement judge. Transcript JDACLCRB (3/5/2008) at 4:49:00. The Order granting Defendant's request for settlement conference was signed on November 9, 2009 and November 13, 2009. Pursuant to the November 9th and 13th orders, Presiding Judge Alberto C. Lamorena III remains the trial judge and Judge Steven Unpingco is assigned the settlement judge in which the settlement judge will conduct the settlement conference only. Memorandum from Clerk of Court to Judge Unpingco (Sept 23, 2010). Accordingly, a settlement conference before Judge Steven Unpingco was scheduled for April 4, 2011. Notice of Hearing (Jan. 26, 2011). That Court was unavailable and rescheduled the settlement conference for April 18, 2011. Notice of Hearing (Feb. 9, 2011). The parties were present for a settlement conference before Judge Unpingco on April 18, 2011. Defendant articulated to the settlement judge that "[settlement judge's] role would be to keep us on track and have periodic meetings. The government without conceding anything is pretty much in agreement." Transcript JDSSUCRA (4/18/2011) at 2:43:23. The next settlement conference was scheduled for July 26, 2011. Notice of Hearing (June 13, 2011). The continued settlement conference was rescheduled for August 16, 2011. Notice of Hearing (Jul. 19, 2011).

On October 28, 2011, the case was given to Judge Anita A. Sukola for review. Subsequently, Defendant filed a motion to dismiss the indictment with prejudice on October 31, 2011. Defendant's Motion to Dismiss Indictment (Oct. 31, 2011). Accordingly, this Court set a further proceeding on November 15, 2011. At that hearing, this Court informed Defendant that it will set the motion to be heard on December 14, 2011. Defendant asked the Court to "set it in a way where government would brief it." Transcript JDAASCRA (11/15/2011) at 2:53:56. On that same date, the People filed its opposition to Defendant's motion to dismiss prior to the hearing. People's Opposition to Defendant's Motion to Dismiss (Dec. 14, 2011). Defendant's

attorney advised the Court that he did not receive a copy and needed time to file a response. As a result, the Court set the matter for a further proceedings for December 23, 2011. On December 27, 2011, the People filed a supplemental opposition to Defendant's motion to dismiss indictments. People's Supplemental Opposition to Defendant's Motion to Dismiss Indictments (Dec. 27, 2011). Similarly, Defendant filed a response to Government's opposition and supplemental opposition to Defendant's motion to dismiss and Defendant's Declaration on December 29, 2011. Defendant's Response to Government's Opposition and Supplemental Opposition to Defendant's Motions to Dismiss & Defendant's Declaration (Dec. 29, 2011). On January 5, 2011, this Court held a hearing on Defendant's motion on all cases. The matter was taken under advisement and this Decision and Order follows.

## DISCUSSION

Defendant moves this Court to dismiss the indictment with prejudice pursuant to 8 GCA § 80.70 (b). Defendant argues that the Court has failed to hear and determine the proceedings in this criminal case and together with the prosecutors has failed to expedite the proceedings in this criminal case in violation of 8 GCA § 80.50. Defendant's Motion to Dismiss the Indictment (Oct. 31, 2011). 8 GCA § 80.70 (b) provides the court permissive authority on its own motion to dismiss an indictment if there is unnecessary delay in bringing defendant to trial.

> **§ 80.70. When Prosecutor, Defendant, Court May Dismiss.**
> (b) If there is **unnecessary delay** in bringing a defendant to trial, the court on its own motion, **may** dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes.

8 GCA 80.70 (b) (2012) (emphasis added).

The People oppose Defendant's motion to dismiss stating that "it appears that the delay is not solely the fault of the prosecution or the court." The People further argued that "the

prosecution proceeded expeditiously with this matter in its early stage. In short, this delay is the result of circumstances that were beyond the control of the court or the prosecution." People's Opposition to Defendant's Motion to Dismiss at 2-3 (Dec. 14, 2011). The People argue that "[w]here § 80.60 is not at issue the Supreme Court of Guam has adopted a four-part balancing test to determine if a defendant's speedy trial rights under the sixth amendment of the Constitution has been violated. People v. Flores, 2009 Guam 22." People's Supplemental Opposition to Defendant's Motion to Dismiss Indictments (Dec. 27, 2011).

Defendant responds that his motions are not made on the ground that he has been denied his right to a speedy trial in violation of the Sixth Amendment to the Constitution or the construction of the Sixth Amendment in Barker v. Wingo, 407 U.S. 514 (1972), or the application of Barker in People v. Flores, 2009 Guam 22. Rather, Defendant contends that his motions are "made...on the ground that the court has failed to hear and determine the proceedings in this criminal case and together with the prosecutors has failed to expedite the proceedings in this criminal case in violation of 8 Guam Codes Ann. § 80.50." Defendant's Response to Government's Opposition and Supplemental Opposition to Defendant's Motions to Dismiss (Dec. 29, 2011). Defendant further argues that "Section 80.60 of title 9 of Guam Codes Annotated, the Sixth Amendment to the Constitution of the United States, *People v. Flores,* 2009 Guam 22, and *Barker v. Wingo,* 407 U.S. 514 (1972) are all inapposite.

Contrary to Defendant's argument that Section 80.60 is inapposite, he cited to Nicholson v. Super. Ct of Guam, 2007 Guam 9, which hinges on said statutory section. Transcript JDAASCRA (1/5/2012) at 10:38:34. Nicholson is distinguished with the case at bar because the former asserted his right to a speedy trial. Here, there is nothing in the record reflecting that Defendant ever asserted.

Guam law provides the following relative to Defendant's grounds for dismissal:

**§80.50. Criminal Trials Expedited; Precedence.**
(a) The welfare of the people of the territory of Guam requires that all proceedings in criminal cases **shall be set for trial and heard and determined at the earliest possible time**, and **it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.**
(b) In accordance with the policy stated in Subsection (a), a criminal cases shall be given precedence over, and set for trial and heard without regard to the pendency of, any civil matters or proceedings. No continuance of a trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance. No continuance shall be granted for any longer time that it is affirmatively proved the ends of justice require. Whenever any continuance is granted, the court shall enter in its minutes the facts proved which require the continuance.

8 GCA § 80.50 (a) and (b) (2012) (emphasis added).

While Defendant contends that his motion is not made on the statutory speedy trial assertion pursuant to Section 80.60, the Court notes that Section 80.50, which Defendant bases his motion, is supplemented by the specific time limits provided by Section 80.60.[4]

In view of this, the Court employs the Barker four-part balancing test in evaluating a claimed violation. "Under the Barker test, the following factors are considered: (1) length of the delay; (2) the reason for the delay: (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay." People v. Flores, 2009 Guam 22 ¶ 42 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972). None of these factors are dispositive and they must be considered together and balanced in relation to all of the relevant circumstances of the delay in bringing the defendant to trial. Id. (citing Barker, 407 U.S. at 533).

**a. Length of Delay**

---

[4] **NOTE:** Section 80.50 combines the substance of former §§ 681 and 1050. See also former Rule 50; § 1.11 (a) (right to speedy trial). See generally B. Witkin, California Criminal Procedure Trial §§ 278-290 (1963, Supp. 1973), (procedure and grounds for continuance). The section is supplemented by the specific time limits provided by § 80.60. Note for 8 GCA § 80.50

A constitutional right to a speedy trial cannot "be quantified into a specified number of days or months" Id. at ¶ 43. Rather, a balancing test weighing the conduct of both the prosecution and the defendant is necessary, and the length of the delay is measured from the time of the indictment or arrest to the time of trial. Id. The more serious or complex the charge, the greater the length of delay that will be tolerated. Id.

Defendant was indicted on March 29, 2006. Consequently, the period of time that has passed since the filing of the indictment is nearly six years. "Under the Barker analysis, '[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Id. at ¶ 44. In Flores, the Supreme Court of Guam held that a delay of almost six year was presumptively prejudicial. Therefore, we proceed to examine the remaining Barker criteria.

**b. Reason for Delay**

Barker identifies three types of reasons for delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. Barker, 407 U.S. at 531. Deliberate delay which includes an "attempt to delay the trial in order to hamper the defense," or "to gain some tactical advantage over (defendants) or to harass them" is weighted heavily against the government. Flores, at ¶ 45. Negligent delay is weighted less heavily against the government than is deliberate delay "but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Id. Lastly, justified delay, which includes such occurrences as missing witnesses or delay for which a defendant is primarily responsible is not weighted against the government. Id.

Based on the record, this case was first set for trial on February 12, 2007 by Judge Katherine A. Maraman. Scheduling Order (Sept. 27, 2006). However, the case was reassigned after

Judge Maraman disqualified herself on the matter on January 18, 2007. A new trial schedule was set by Presiding Judge Alberto C. Lamorena III, for July 31, 2007. Criminal Trial Scheduling Order: CF124-06 (Apr. 3, 2007). Despite a new trial set, the People argue that "the defendant's mental state again caused delays since either a stipulation concerning competency had to be agreed upon or, alternatively, a competency would have to be scheduled." People's Supplemental Opposition to Defendant's Motion to Dismiss Indictments (Dec. 27, 2011). On March 3, 2008, Defendant requested for a settlement conference. Up until that point, the previous trial courts assigned to this matter moved accordingly with the two trial schedules set. Presiding Judge Lamorena eventually approved the request and the order issued granted either party the ability to request a settlement conference. Hence, there is nothing in the record to suggest any attempt by the trial court or prosecution to delay this matter since the parties were between a settlement judge at Defendant's request. Good cause for the delay must be apparent from the face of the record. Quinata v. Super. Ct., 2010 Guam 8 ¶ 37. The reasons for the delay are primarily attributable to the Defendant for the Defendant's benefit which should make this factor weigh heavily in favor of the People. See Flores, 2009 Guam 22 ¶ 46.

**c. Assertion of Speedy Trial**

In review of this case, the Court does not see any affirmative assertion of the right to speedy trial by the defendant. With the consolidation of the instant case and subsequent cases Defendant was charged in, the record reflects that a written waiver of the right to a speedy trial was filed herein. Waiver of Speedy Trial (Sept. 19, 2006). Therefore, this factor weighs heavily in favor of the People.

**d. Prejudice Resulting from Delay**

Lastly, Defendant has not indicated how the delay was unduly burdensome or oppressive to him. Even assuming arguendo that Defendant's pre-trial incarceration is the bases for prejudice, it is not by itself an adequate ground for the relief sought. Evidence of a lengthy pre-trial incarceration, standing alone, is insufficient to establish that a defendant's right to a speedy trial has been violated. Flores, 2009 Guam 22 ¶ 50 (citing State v. Spivey, 579 S.E.2d 251, 255 (N.C. 2003).

In People v. Mendiola, 1999 Guam 8, the Supreme Court of Guam held that a four and one-half year delay in bringing a defendant to trial was counter balanced by the defendant's inability to prove actual prejudice, coupled with justifiable reasons for the delay. Defendant could have asserted at any time. In the instant case, Defendant waived his right to a speedy trial since September 19, 2006. Waiver of Speedy Trial (Sept. 19, 2006). A defendant has the "responsibility to assert a speedy trial claim." Mendiola, 1999 Guam 8 ¶ 29 (citing Barker v. Wingo, 407 U.S. at 529, 92 S.Ct. at 2191). "The strength of his efforts will be affected by the length of delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-532, 92 S.Ct. at 2192-2193. The Barker Court emphasized that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. Id.

Unless the first three Barker factors all weigh heavily in favor of a defendant, the defendant must demonstrate actual prejudice. Flores, 2009 Guam 22 ¶ 52. Because the other factors weigh

strongly for the People and no actual prejudice was shown, the relief requested by Defendant is denied.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Indictment.

**SO ORDERED** this _5th_ day of ___MARCH___, 2012.

This matter is set for a trial setting on ___April 2___, 2012. 9 a.m.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 05 2012

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam